UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO GARCIA,<br><br>    Plaintiff,<br><br>v.<br><br>KHP III SF SUTTER LLC, et al.,<br><br>    Defendants. | Case No.  21-cv-01275-JD<br><br>**ORDER RE MOTION TO DISMISS**<br>Re: Dkt. No. 20 |

Plaintiff Orlando Garcia has cerebral palsy and uses a wheelchair, walker, or cane for mobility.  Dkt. No. 19 ¶ 1.  He has alleged violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (ADA), and the California Unruh Civil Rights Act, Cal Civ. Code §§ 51-53, against defendants KHP III SF Sutter LLC and Kimpton Hotel & Restaurant Group LLC (collectively "Kimpton"), which own and operate the Kimpton Buchanan Hotel in San Francisco, California.

In a first amended complaint, Garcia alleges that the Kimpton website does not comply with the "Reservations Rule," 28 C.F.R. § 36.302(e)(1)(ii), which requires places of lodging to "identify and describe accessible features . . . in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs."  Dkt. No. 19 ¶ 36.  Garcia says the website did not adequately disclose the features of the Kimpton Buchanan Hotel's "accessible" room, namely whether there is a mirror mounted at the correct height, grab bars by the toilet, sufficient clearance and hot water pipe insulation under the sink for a wheelchair user, a doorway width of "at least 32 inches," a desk or table with sufficient clearance underneath, and a shower seat with grab bars.  *Id.* ¶¶ 18-24.  The

alleged paucity of information is said to have deterred Garcia from patronizing the Kimpton Buchanan Hotel. *Id.* ¶ 29.

Kimpton says its website complies with the Reservations Rule, and has asked to dismiss the complaint under Rule 12(b)(6) for failure to state a plausible claim. The Court took the motion under submission on the written papers. Dkt. No. 30.

Dismissal is warranted for the same reasons the Court discussed in *Love v. M W G J LLC*, No. 21-cv-01471-JD, Dkt. No. 13 (N.D. Cal. Oct. 26, 2021). In pertinent summary, the Reservations Rule does not demand the level of detail that Garcia urges. Consequently, Garcia has not alleged a plausible ADA claim or Unruh Act claim (which was predicated on the ADA allegations). *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Dismissal is without prejudice for the reasons explained in *Love*, No. 21-cv-01471-JD, Dkt. No. 13 at 3. Garcia may file an amended complaint consistent with this Order, and with *Love*, by November 12, 2021. A failure to meet this deadline will result in dismissal with prejudice under Federal Rule of Civil Procedure 41(b). The requests for judicial notice, Dkt. Nos. 21 and 26, are denied as moot because the Court did not consider them in reaching its decision.

## CONCLUSION

**IT IS SO ORDERED.**

Dated: October 26, 2021

JAMES DONATO
United States District Judge